# Michael Koechlept *vs.* Rezin V. Hook's Lessee.

A judgment of a justice of the peace, in a case against *two defendants*, showed upon its face that it was confessed by "*one of the defendants.*" *Held*, that if this judgment was not void *ab initio*, it was competent for the defendant against whom it was *not rendered*, to show that fact by *parol evidence*.

Such an alleged judgment never having had any existence, or being absolutely void as against *such defendant*, all the proceedings under it are *coram non*, and, therefore, the ratification by the county court, under the act of 1831, ch. 290, of a *sale* of such defendant's property thereunder, can pass no title to the purchaser.

This act rests throughout upon the assumption, that there must be an actual judgment against the party, *prima facie* valid, at least, though it be even

voidable for inherent or patent defects, in order to base a proceeding by which he is to be divested of his real estate: the court cannot *create* a valid judgment out of one *absolutely void* upon its face.

This act does not make the ratification of the sale conclusive, as to the question of *fraud or surprise in rendering the judgment*, but only as to the sufficiency and regularity of the *notice* required to be given, and the *manner* of making the sale.

APPEAL from the Circuit Court for Allegany county.

*Ejectment* by the appellee against the appellant, for a lot in the town of Cumberland. Plea *non cul.*

1st *Exception.* The plaintiff offered evidence showing a *prima facie* legal title to the lot in himself, and there rested his case. The defendant then, to show title out of the plaintiff, offered in evidence a judgment of a justice of the peace, dated the 13th of March 1848, in a suit by Casper Glos against Rezin V. Hook and John L. Hook, appearing upon its face to have been confessed by *"one of the defendants,"* a *fi. fa.* thereon, issued against both and levied upon the lot in question, as the property of Rezin V. Hook, a sale thereunder, which with all the proceedings was duly returned to the county court, and, after notice upon petition of the purchaser published in a newspaper in pursuance of an order of court, was ratified and confirmed by that court, under the act of 1831, ch. 290, and the deed of the constable to the purchaser. To the admissibility of this evidence the plaintiff objected, but his objection was overruled, and the evidence permitted to go to the jury. The plaintiff then offered to prove by John L. Hook, one of the defendants named in the judgment, that he confessed it; that Rezin V. Hook, was not present at the time, and had no knowledge thereof; that witness had no authority from said Rezin to confess this judgment in his behalf, and that in making the confession, witness confessed the judgment only as against himself. To the admissibility of this evidence the defendant objected, but the court (PERRY, J.) overruled the objection, and permitted the evidence to go to the jury. To this ruling the defendant excepted.

2nd *Exception.* The defendant then asked the following instructions to the jury:

1st. If they find from the evidence, that the proceedings upon the petition of the purchaser, for the ratification of the constable's sale, offered by the defendant in evidence in this case, were had, and that Rezin V. Hook had notice of the proceedings under this petition, then he is concluded by such notice, and the sale of the premises under said proceedings, and cannot recover.

2nd. That the deed from the constable to the purchaser, and the proceedings of the county court on the petition of the purchaser, and the ratification of the sale by that court, are conclusive evidence that the title to the lot in controversy passed out of the plaintiff to the purchaser.

3rd. That the ratification of this sale by the court, empowered the constable to convey all the title of the plaintiff to the purchaser, and precluded the plaintiff and those claiming under him, thereafter from alleging fraud or surprise in the obtention of the judgment, and that this ratification, and the constable's deed, are conclusive evidence of title in the purchaser from the execution of the deed.

These prayers the court refused to grant. To this ruling the defendant excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*Wm. Walsh* for the appellant, argued:

1st. That the final order of ratification, and the deed from the constable, are conclusive evidence to show title out of the plaintiff. The order of ratification is a judgment of a court of exclusive jurisdiction, and therefore conclusive. The filing of the petition, upon the return of the sale by the constable, gives the court jurisdiction of the *subject matter*—the property— and the court must be presumed to have made every necessary inquiry about the proceedings before the justice, and satisfied itself of the correctness of the judgment before passing the order of ratification. Act of 1831, *ch. 290, secs.* 2, 3, 4. 2 *Pet.,* 163, *Thompson vs. Tolmie.* 10 *Pet.,* 449, *Voorhees*

*vs. Bank of the U. S.* 5 *H. & J.*, 36, *Wickes vs. Caulk.* 6 *Do.*, 204, *Barney vs. Patterson.* 12 *G. & J.*, 338, *House vs. Wiles.* The 4th sec. of the act of 1831, ch. 290, provides, that the constable's deed when the sale is ratified, shall be good and effectual to transfer and convey to any purchaser any right or estate to or in the premises, which by such grantee may be legally acquired by said sale.

2nd. The record shows, that *one of the defendants* appeared before the justice and confessed the judgment, and we must presume that the justice inquired into his power to confess for both parties; for without such power, there was no jurisdiction in the justice to give judgment against both. And when the jurisdiction of an inferior court depends upon facts which such court is required to ascertain and settle by its decision, such decision, when made, is conclusive. 1 *Brod. & Bing.*, 432, *Brittain vs. Kinnaird.* 8 *Johns.*, 44, *Mather vs. Hood.* 2 *Va. Cases*, 268, *Mackaboy vs. The Commonwealth.*

3rd. Notice of the proceedings in the county court, by publication in a newspaper, is sufficient. 15 *Wend.*, 374, *Owners &c. vs. Mayor of Albany.* *Ibid.*, 610, *Sharp vs. Pratt.* There is evidence from which the jury could have found, that the plaintiff had notice of the proceedings in court for ratification, and if he had notice he should have appeared and shown cause against the ratification, and not let an innocent third party suffer by his negligence. The defendant's first prayer should therefore have been granted.

*Thomas Devecmon* for the appellee, argued:

1st. That if the court below was right in admitting the judgment, the parol evidence was clearly admissible to explain that which is *per se* unintelligible. The evidence offered does not contradict the judgment; it only renders certain that which is uncertain on its face. The object here is to show that the judgment never had a legal existence, or binding force as against *Rezin V. Hook.* 1 *Greenlf. on Ev.*, secs. 279, 282, 288, 289.

2nd. The point presented by the prayers is, that the ratification of the sale under the act of 1831, ch. 290, is an estoppel

Koechlcpt *vs.* Hook's Lessee.

upon the plaintiff, and this notwithstanding no process was ever served upon him, no notice given to him, except by publication in the newspaper, and the original judgment upon which the sale was founded, not, in fact, rendered against him. The judgment and execution are *absolutely void.* It is not a case of erroneous or voidable process, or of mere irregularities in the proceedings of a court of competent jurisdiction, but the foundation of the whole proceedings, the *judgment*, being void, the ratification does not at all aid the sale.   5 *H. & J.*, 42, *Wickes vs. Caulk.*   Even if the judgment upon its face professed to be against *Rezin V. Hook,* (which it does not,) although the court under the 3rd sec. of the act of 1831, are authorised to examine into allegations, as to fraud and surprise in rendering the judgment, still, under that section, the ratification of it by the court is not declared to be conclusive as to these points.   Indeed the section declares simply, "that the ratification shall be deemed as conclusive evidence of the *notice required for the sale and the manner of making the sale.*" Now of what is the ratification conclusive?   Of the notice required to be given by the officer, and the manner of the sale. No advantage can be taken of any irregularities or defects in the proceedings.   But the original judgment itself is not aided. A purchaser under a judicial process to recover in ejectment, must produce a valid judgment and execution.   1 *H. & G.,* 172, *Fenwick vs. Floyd.*   In this case as shown by the testimony, the whole proceedings as affecting Rezin V. Hook, were *coram non,* and his title to the land was not divested by this sale.   The cases cited on the other side do not apply here. They were cases before courts of *general* jurisdiction, where their jurisdiction properly attached after process served, and the errors objected to were mere irregularities in the proceedings, which could not be collaterally inquired into.   In this case, however, the objection goes to the foundation of the whole case: indeed it shows that no case *at all,* ever in point of fact existed as against Rezin V. Hook.

MASON J., delivered the opinion of this court.

It seems that a judgment had been rendered against one

23      v.10

only, without specifying which, of two defendants, in a suit before a justice of the peace; that an execution was subsequently issued against both, and the real estate of one only, namely, the present appellee, was seized and sold. The constable returned the proceedings to the county court, under the act of 1831, ch. 290, and notice was duly served upon the appellee, to show cause why the sale should not be ratified. This he did not do, but suffered the sale to be ratified and confirmed, without objection.

Upon this state of facts, the appellant prayed the court, in substance, to instruct the jury, that if they should find that the proceedings upon the petition for the ratification of the sale, were had, and that R. V. Hook had notice of such proceedings, then he was concluded by the ratification, &c. This instruction was refused and hence the appeal.

If the judgment in question was absolutely void, it could not of course bind the appellee; but if it was not void *ab initio*, it would certainly have been competent for the defendant against whom it was *not rendered*, to show that fact, by parol evidence, as the judgment discloses upon its face that it was rendered only against one. In either case it would appear, that there was *no judgment* in fact against the appellee. The question then which arises, is, whether the proceedings in the county court for the ratification of the sale, in which ratification the appellee is supposed to have acquiesced, could have the effect, not to make valid a defective or voidable judgment, but to create a judgment where none existed before?

The act of 1831, rests throughout upon the assumption, that there must be an actual judgment against the party, though it be even voidable for inherent or patent defects, in order to base a proceeding by which he is to be divested of his real estate. The second section says, "any *judgment* rendered by a justice of the peace" will authorise the sale of the real estate of the defendant, &c. Under the third section, which authorises the court to "examine into any allegations of fraud or surprise, as to the obtaining and rendering of the judgment, under which said sale shall have been made, and if said court shall deem the judgment aforesaid to have been obtained or had by

fraud or surprise, it shall vacate and annul the same," it is supposed that any objection to the sale was inquirable into by the court, and concluded by the ratification. This position is not correct. The alleged judgment never having had any existence, or being absolutely void as against the present appellee, all the proceedings under it were *corum non*, and therefore also void, and it was not necessary for the defendant, though he had notice, to appear and resist them. The basis of the whole proceeding being absent, namely, a judgment *prima facie* valid at least, it was not in the power of the court to supply this vital omission by any action it might have taken in the matter, without the positive assent of the defendant.

The only office of the court was to inquire, whether the judgment had been "obtained or had by fraud or surprise." Surely, under this authority, it was not competent for the court to create a judgment where none existed, or to make a good and valid judgment out of one, absolutely void upon its face.

It will be observed further, that the act of 1831 does not make the ratification conclusive, as to the question of *fraud and surprise in rendering the judgment*, but it simply declares "that said ratification and confirmation shall be deemed and taken as conclusive evidence of the sufficiency and regularity of the notice required as aforesaid, (of the sale,) and manner of making such sale." The *ratification*, therefore, is only *conclusive* of the notice required to be given, and the manner of the sale.

*Judgment affirmed.*