### GIESE *vs.* THOMAS.—June, 1826.

In an action of replevin the former owner of the goods replevied, is not a
competent witness for the plaintiff, to prove that he had previously sold
them to the plaintiff and that they had subsequently been sold under an

execution upon a judgment of a third person, and purchased at such sale by the defendant; as no parol evidence could be given of such judgment and execution, no foundation being first laid for it.

But if the judgment and sale to the defendant had been first properly proved, the former owner would have been a competent witness to prove a previous sale by him for a valuable consideration to the plaintiff.

A vendor is not generally a competent witness to prove title in his vendee against a stranger, claiming adversely, as he is interested by reason of his implied warranty in supporting the title of the vendee.

Appeal from *Baltimore* County Court. Action of replevin. Property in the defendant pleaded. General replication, and issue joined. The plaintiff, (the appellant,) produced as a witness *Thomas Evans*, for the purpose of proving, that on the 3d of October 1821, he *Evans*, and one *Coppack*, sold the lumber replevied to the plaintiff, who paid them for it; that at a subsequent period a *fieri facias*, under a magistrate's judgment, rendered in favour of a certain *John Mulliken* against said *Evans*, was levied upon it by *Samuel Merryman*, constable; that the plaintiff gave notice to *Merryman* before the levy, that the property had been sold to him, the plaintiff; that *Merryman* nevertheless proceeded to sell it at public sale, and the defendant became the purchaser, who also had received notice that the *fieri facias* was levied for the purpose of making the sum necessary to satisfy the judgment so obtained against *Evans*. To the competency of the witness for this purpose, the defendant objected. And the Court, [*Hanson* and *Ward*, A. J.] being divided in opinion, he was rejected. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before Buchanan, Ch. J. and Earle, Stephen, and Dorsey, J.

*R. B. Magruder*, for the Appellant, contended, 1. That *Evans* was not interested, and, therefore, that the court erred in rejecting his testimony upon the ground of his incompetency. He cited *Fisher vs. Beall's Adm'rs*. 1 *Harr. & Johns*. 31.

2. That if he was interested, his interest was equiponderant, and, therefore, he ought to have been admitted as a witness. *Norris's Peake*, 242.

3. That he was a witness from necessity.

*Meredith*, for the Appellee, cited *Heermance vs. Vernoy*, 6 *Johns. Rep.* 5; and *Blasdale vs. Babcock*, 1 *Johns. Rep.* 517.

BUCHANAN, Ch. J. delivered the opinion of the Court It appears that issue was taken in this case, on a plea of property in the defendant, and it comes up on a rejection by the court below of the evidence offered at the trial on the part of the plaintiff.

There is no doubt the plaintiff might have shown that the property in question was sold by a constable to the defendant, in virtue of a *fieri facias* sued out on a judgment rendered by a magistrate against the witness *Evans*, in order to show in what manner the property got into the possession of the defendant, and to let in the further evidence, that it had been previously sold by *Evans* and *Coppack* to the plaintiff, for a valuable consideration, which *Evans* might have been called to prove, as in that state of things he could have had no interest opposed to his competency. For if the property, at the time of the supposed sale to the plaintiff, was in truth bound by the delivery of the *fieri facias* into the hands of the proper officer, *Evans* would have been answerable over to the plaintiff on the implied warranty of title, and consequently, in proving the sale to the plaintiff, he would have been swearing against his interest. And if on the contrary, it was not bound, the seizure and sale by the constable to the defendant, could not have had the effect to subject *Evans* to any liability to the plaintiff, on account of any implied warranty; but the remedy of the plaintiff would have been that which he is now seeking against this defendant; or an action against the constable for the wrongful taking. And in neither case would *Evans* have any interest of his own to subserve by proving the previous sale by *Coppack*, and himself, to the plaintiff.

But it certainly was not competent to the plaintiff to give parol evidence of the judgment and execution against *Evans*, no foundation being previously laid for it. They should themselves, if in existence, have been produced; and the testimony of *Evans*, in relation to that matter, was clearly inadmissible.

Stripped then of all evidence of a sale to the defendant under an execution on a judgment against *Evans*, the offer to prove

by him a sale of the property in question by *Coppack,* and himself, to the plaintiff, stands as the naked case of a vendor coming to sustain, by his own testimony, the title of his vendee, against a stranger claiming adversely, which cannot be permitted.

*Evans* is clearly interested on account of his implied warranty, in supporting the plaintiff's action, and his testimony was properly rejected.

JUDGMENT AFFIRMED.