## LANDON C. HESKETT *vs.* THE BORDEN MINING COMPANY.

Where objection is taken *to the competency* of a witness, who, "on taking the stand," was asked a question "to test his competency," and no further examination on this point was had, his competency must be determined by the *question and his answer* thereto *alone;* what the party calling the witness *offered* to prove by him cannot be looked to by this court.

But where objection is taken to *the admissibility* of evidence, it must be assumed that the witness would have proved what the exception states was *offered* to be proved by him.

The only evidence affecting the competency of a witness called by the defendant was, that he undertook, without the *authority or consent* ·of the defendant, to *credit himself,* as against the defendant, in an *unsettled* account between them, for the value of the goods for which the defendant was sued. HELD, that this did not render him incompetent.

In deciding upon the competency of a witness courts must proceed upon something *certain* and *positive,* not resting in mere *conjecture* or *speculation;* circumstances from which the imputed interest is a *probable inference* will not be sufficient to exclude the witness.

In the sale of personal property there is an *implied warranty* of title by the vendor, who cannot, therefore, be a witness to sustain the title of his vendee.

APPEAL from the Circuit Court for Allegany county.

*Assumpsit,* brought by the appellee against the appellant, to recover the value of a load of coal belonging to the plaintiff, which the defendant had taken on board his canal boat to carry from Cumberland to Alexandria.    The declaration contains the common counts, a count upon a promise to pay for the coal appropriated by the defendant to his own use as much as it was worth, and a count against him as carrier, upon his promise to deliver the coal in Alexandria.    Plea, *non assumpsit.*

*Exception.*  The plaintiff offered in evidence the bill of lading, showing that the coal was shipped at Cumberland by the plaintiff, on board the canal boat "Otho Baker," whereof George Spotts is master, to be delivered at Alexandria to John R. Masters, or his assigns.   It was then admitted that the defendant was the owner of the boat at the time; that Spotts was master thereof for defendant; and that the coal was never delivered at Alexandria, and never carried there at all, but passed into the possession of the defendant, and was by him used or disposed of for his own benefit.

The defendant then *offered* to prove by Robert S. McKaig, that he was the agent of the plaintiff engaged in boating coal from Cumberland to Alexandria on the canal at the time this coal was loaded on the boat; that he had authority from the plaintiff to sell coal for it, to receive payment and to settle therefor; that this boat could not get to Alexandria on account

Heskett *vs.* The Borden Mining Co.

of low water and was detained at Shepherdstown; that defendant used the coal by the authority and permission of the witness, who received payment therefor from defendant by allowing it in settlement of the account between him and witness; that witness afterwards informed Greene, the principal agent and general manager of the plaintiff, of this settlement, who made no objection thereto at the time; that the plaintiff was, at the time of this settlement, largely indebted to the witness, and that witness was willing to allow the plaintiff for this coal in the settlement of the account between plaintiff and witness.

Upon the witness taking the stand the counsel for the plaintiff, to test the competency of the witness, asked him whether there was an account between witness and defendant, settled or unsettled? to which witness replied that there was, and that in that account between witness and defendant, the witness has taken to himself credit against the defendant for the value of the very coal for which the plaintiff is seeking to recover in this action. The plaintiff then objected to the competency of the witness in this case, which objection the court, (PERRY, J.,) sustained. To this ruling the defendant excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., TUCK and MASON, J.

*J. H. Gordon* for the appellant, stated that the only question for the consideration of this court is, whether the witness, McKaig, had any interest in the result of the suit to disqualify him? and then argued:

1st. That if he had any interest it was *equally balanced,* and, therefore, he was competent. 1 *Greenlf. on Ev.*, sec. 420. 7 *Term Rep.*, 480, *Ilderton vs. Atkinson.* 2 *East*, 458, *Birt vs. Kershaw.* 1 *H. & J.*, 32, *Fister vs. Beall.* If he had sworn in favor of the defendant, and the verdict had been for him, he would have been liable to the plaintiff for the value of the coal. And if he had sworn in favor of the plaintiff, and the verdict had been for it, then he would have been liable to the defendant for the amount of the credit he had received on the settlement for the coal with him.

2nd. The witness was the agent of the plaintiff, a middle-man standing between the parties, and therefore competent. 1 *Greenlf. on Ev.*, secs. 416, 417. 11 *Metcalf*, 505, *Draper vs. Worcester & Norwich Rail Road Co.* If the defendant had authority to appropriate the coal to his use, the measure of his liability would be the value of the coal at the place where he received it. If he had no such authority, then he is liable under the special count in the declaration for non-delivery, and the measure of damages would be the value of the coal at the end of the voyage. This witness was the only party who could prove this authority, and, therefore, he is competent from necessity. 1 *Greenlf. on Ev.*, secs. 416, 417. 2 *Do.*, sec. 261. 2 *Smith's Lead. Cases*, 48. If he was competent to prove any one fact he was improperly rejected. And where there is *doubt* about the competency the evidence should be admitted. 2 *Smith's Lead. Cases*, 50. 3 *G. & J.*, 356, *Watts vs. Garrett.* 6 *Md. Rep.*, 548, *Melvin vs. Melvin.* 9 *Do.*, 42, *Mitchell vs. Clagett.* 9 *Adol. & Ellis*, 314, *Shipton vs. Thornton.*

3rd. What the defendant *offered* to prove is not in evidence. The witness might not have sworn to it, and the question must be determined upon the testimony given by the witness *in answer to the question put to him on taking the stand.* This does not prove an interest to disqualify him and, therefore, he should have been admitted.

4th. Conceding that the answer to this question shows that the witness was the vendor of the coal, there is no implied warranty. It is only when the vendor is *in possession* of the property that there is an implied warranty of title in the case of a sale of *personal chattels.* Here the witness was not in possession; that was in the plaintiff, as shown by the bill of lading. 3 *Excheq. Rep.*, 500, *Morley vs. Attenborough.* 3 *Metcalf*, 515, *Jones vs. Huggleford.* 2 *Kent's Com.*, 478. 3 *Barb.*, 323, *McCoy vs. Artcher.* But if there was any warranty it only appears from the evidence of the witness, which would be evidence against him for the defendant, and not in his favor against the plaintiff, and he was, therefore, swearing against his interest. 2 *Smith's Lead. Cases*, 107, 108. 1 *Greenlf. on Ev.*, sec. 420.

*Geo. A. Pearre* for the appellee, stated, that he agreed with the counsel for the appellant, that the sole question in the case is the competency of the witness, and that this must be determined *upon the answer to the question put to him when called to the stand,* and not upon what it was proposed to prove by him, and then argued:

1st. That this testimony shows him as the *vendor* of the coal to the defendant, and being vendor he is a *warrantor of the title* to the vendee, and is, therefore, incompetent to testify in this case to sustain the title of his vendee. This principle is clearly settled in this State by the decisions in 7 *H. & J.,* 459, *Giese vs. Thomas.* 2 *H. & G.,* 176, *Mockbee vs. Gardner. Ibid.,* 520, *Osgood vs. Lewis.* The same principle extends to all cases where the witness is guarantor of the bill or note to the defendant, as drawer to endorser, endorser to endorsee, principal to surety.

2nd. That the witness is incompetent, because if the plaintiff succeeds in this suit the judgment will be evidence against the witness in a suit brought by the defendant agaist him, to recover the *damages* sustained by the defendant for breach of the warranty of title. 1 *Starkie on Ev.,* (*Ed. of* 1842,) 114, 256. 1 *Philips on Ev.,* 101. These are cases where the witness offered by the *defendant* is liable over to him. 1 *Philips on Ev.,* 105. Here the witness is offered by the defendant.

3rd. That the interest of the witness is *not balanced,* because: 1st. He is a vendor to the defendant, and, therefore, warrants title. 2nd. If the defendant who calls him as a witness fails to defeat the plaintiff, the witness is liable in an action on the warranty, not only for the value of the property, but *for the costs of this suit.* It is an action for damages in nature of deceit. 2 *H. & G.,* 520, *Osgood vs. Lewis.* 1 *Starkie on Ev.,* 114. If the plaintiff fails in this case it could not recover against the witness the costs in this case, because, as to the plaintiff, the witness did not stand in the same relation as he does to the defendant, viz., warrantor of title. And the balance of interest, *even where made up of costs,* disqualifies the witness from giving testimony for that party, the defeat of whom would create his liability *for costs.* 1 *Philip's Ev.,*

87. 2 *Greenlf's Rep.*, 199, Scott vs. McLellan & Turner. *Byles on Bills*, 236. 1 *Greenlf. on Ev.*, sec. 391, *note* 5. 6 *G. & J.*, 103, Jordan vs. Trumbo. 3 *Do.*, 34, Owens vs. Collinson. 6 *H. & J.*, 364, Ferguson vs. Cappeau. The cases cited by the appellant from 7 *Term Rep.*, 480, and 2 *East.*, 453, are overruled. *Greenlf's Overruled Cases*, 190.

4th. That the witness is not an agent or middle-man, and, therefore, competent from necessity:—for 1st. There is no evidence in the bill of exceptions to show the witness was agent, as we both agree that the evidence *offered* is not to be considered. The appellant on the testing examination should have drawn out that fact, but he did not do it, and the court will find no evidence at which it can look in the record to prove agency. 2nd. But even if there was, the exception does not prevail where it is overborne by some other rule. 1 *Greenlf. on Ev.*, sec. 416, *note* 1. In this case the rule is overborne by the interest the witness has in this suit, as before stated, because of his position of *vendor*.

5th. But even if the witness was competent the evidence offered was inadmissible, and as no injury was done to the defendant by rejecting the witness, the court will affirm the judgment. Here was a *written contract* directly between the plaintiff and defendant. A bill of lading is a written contract. 3 *Kent's Com.*, 207. 6 *H. & J.*, 249, Batturs vs. Sellers, et al. *Ibid.*, 401, Ferguson vs. Cappeau. 2 *Smith's Lead. Cases*, 224. 14 *Wend.*, 116, Kellogg vs. Richards.

TUCK, J., delivered the opinion of this court:

The appellee sued the appellant, to recover the value of a quantity of coal, which the latter had taken on board his canal boat, to carry from Cumberland to Alexandria. The boat reached a point on the canal beyond which it could not proceed, and the coal never did reach its port of destination, or, at least, was not delivered there to the plaintiff. The case admits that it "passed into the possession of the defendant, and was by him used or disposed of for his own benefit."

The plaintiff having proved and rested its case, the defendant offered to show the circumstances under which he had

converted the shipment to his own use, by a witness, who, "on taking the stand," was asked by the plaintiff the following question, "to test his competency," to wit: "whether there was an account between the witness and defendant, settled or unsettled?" to which he replied, "that there was; and that, in that account, between witness and defendant; the witness has taken to himself credit against the defendant for the value of the very coal for which the plaintiff is seeking to recover in this action." At this point of the trial the plaintiff objected to the competency of the witness, which objection the court sustained, and no examination of the witness was had, to show a particular relation to the parties or the coal, authorizing him to make any disposition of it. It is conceded by the counsel on both sides, that, what the defendant offered to prove, as stated in the exception, is not to be considered a concession in conformity with what was ruled in the case of *Farmers Bank vs. Duvall*, 7 *G. & J.*, 90; that defects in evidence cannot be aided by an averment of the purpose for which it is offered; being the mere statement of the party and proving nothing. If, however, the objection had been taken to the admissibility of the evidence, and not to the competency of the witness; it must have been assumed that the witness would have proved the facts proposed to be given in evidence. The witness's competency here, on the ground of interest in defeating the plaintiff's claim, is to be determined by the question and answer set out in the exception.

If the record showed that the defendant claimed the coal under the witness, as vendor, in virtue of the sale which the appellee's counsel seeks to imply from his answer, there would be reason for excluding him, as interested, upon the principle of the cases of *Giese vs. Thomas*, 7 *H. & J.*, 458. *Mockbee vs. Gardner*, 2 *H. & J.*, 176. *Osgood vs. Lewis, Ibid.*, 520. But this does not appear. All that we know is, that while this coal of the plaintiff was in charge of the defendant, as their carrier to market, this witness, without authority from any person, as far as now appears, undertook to credit himself, as against the defendant, for its value on an unsettled account between them. It is not shown that these parties had any set-

tlement of their accounts, or that there was any understanding or agreement between them, that the witness should receive this credit, and the defendant be charged with the same amount, for so much coal received by him from the witness. One person cannot make another his debtor without his consent; and such assent cannot be implied from the answer of the witness, without the further inference, that the defendant having received the coal under a contract to deliver it at Alexandria, afterwards, in violation of his duty, and in denial of the plaintiff's rights, recognised the title to be in the witness, and dealt with him in reference to it, on the hypothesis that he was the owner. *Corner vs. Pendleton*, 8 *Md. Rep.*, 337. If Heskett were to sue the witness on the account between them, we do not think that the claim could be defeated, to the extent of the value of the coal, upon the evidence contained in this record, if proved in the case supposed. It certainly could not be done except upon the ground, that the relation of vendor and vendee might be implied from the use of the coal by the defendant, and the credit taken to himself by the witness. But if, in such a case, the inference were proper, it must be remembered that courts in deciding questions like the one before us, are required to proceed upon something certain and positive, not resting in mere conjecture or speculation; and that circumstances from which the interest imputed to the witness is a probable inference, will not be sufficient to exclude him. See the cases cited in *Melvin vs. Melvin*, 6 *Md.*, 541. For these reasons we are of opinion that there was error in the ruling of the court below, and that the judgment must be reversed.

*Judgment reversed and procedendo awarded.*