# George P. Clark and Chas. M. Jackson vs. Oliver Bryan and Benj. F. Lunt.

In an *action upon a bond*, given under the Act of 1854, ch. 153, sec. 4, to dissolve an attachment, it was shown by the *record* in the attachment case, that the defendant was a non-resident, and that *judgment by default* was given against him, though he was *never summoned*, or otherwise had notice of the proceedings against him, and *never appeared* in person or by attorney. HELD:

That this judgment was *coram non judice* and void, and there can be no recovery upon the bond.

The judgment of a court of competent jurisdiction, when coming incidentally in question, is conclusive upon the *question* decided and cannot be impeached on the ground of informality in the proceedings, or error or mistake of the court in the matter on which they have adjudicated.

But a judgment manifestly rendered *without jurisdiction* is void, whether the court pronouncing it be an inferior court of limited and special jurisdiction or a superior court of record proceeding according to the course of the common law.

In the case of a judgment of an inferior court of limited and special jurisdiction, the jurisdiction cannot be *presumed*, but must be shown affirmatively on the face of the proceedings.

But when a judgment of a superior court of record is called collaterally in question, every intendment and presumption is made in its support, and it is conclusive, unless it manifestly appears upon the record that the court acted without jurisdiction.

Where the record shows that the court has proceeded to render a judgment *in personam* without having jurisdiction over the cause and over the parties such judgment is void and cannot be enforced.

The giving of a bond, by third parties, to dissolve an attachment, is neither, in fact nor in law, an *appearance* to the action by the defendant in the attachment, nor does it authorize the inference that he had any notice of the transaction, or any opportunity to appear and defend the suit.

APPEAL from the Court of Common Pleas.

The action in this case was brought on the 14th of May 1858, by the appellee against the appellants, on a bond, dated the 5th of October 1857, of the defendants to the plaintiffs to dissolve an attachment in the case of the *Plaintiffs vs. J. M. Hale.* It was agreed that the record and proceedings in the case of *Bryan & Lunt vs. Hale,* should be submitted to

the court, and if on them the court should be of opinion the plaintiffs are entitled to recover, judgment should be rendered for them, otherwise for the defendants, and either party to have the right to appeal. The condition of the bond and the proceedings in the case of *Bryan & Lunt vs. Hall* are fully stated in the opinion of this court. The court below (MARTIN, *Special Judge*) gave judgment for the plaintiffs, and the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLES-TON and BARTOL, J.

*S. Teackle Wallis* for the appellants:

1st. Their bond rendered the appellants liable only for such valid legal judgment as might be obtained against Hale, for the payment of which they could maintain an action against him to reimburse themselves. They gave their bond with a knowledge of the fact that the attachment could not be dissolved without Hale's appearing to the action, so as to render him so liable for any such judgment. Act of 1854, ch. 153, sec. 4.

2nd. The writ or summons was not served on Hale personally, so as to be the foundation of a judgment *in personam* against him. On the contrary, it was returned *non est.* He cannot be presumed to have appeared, for the Act of 1856, ch. 112, sec. 11, provides the only mode in which he could have done so, and the judgment was rendered against him for not appearing.

3rd. Not having appeared, and having in fact had no notice of the proceeding against him, the judgment was, as to Hale and the appellants a nullity, the court having no jurisdiction to render it, and the jurisdiction of the court may always be inquired into, whether brought in question collaterally or otherwise. 1 *Kent,* (*8th Ed.*,) 280, and cases cited. 9 *How..* 336, 348, *Boswell's lessee vs. Otis.* 11 *How.*, 173, *D'Arcy vs. Ketchum.* 14 *How.*, 334, *Harris vs. Hardeman.* 18 *How.*, 404, 406, *Lafayette Ins. Co. vs. French, et al.* 2

*Md. Rep.*, 429, 451, *Wright vs. Wright.* 10 *Md. Rep.*, 173, 178, 179, *Koechlept vs. Hook's lessee.* 11 *Md. Rep.*, 333, 336, *Candler vs. Fisher*.

4th. Even if Hale had been summoned, or had appeared the case would not have been for trial or judgment until the second term after the impetration of the original writ in May 1858. Acts of 1832, ch. 203, sec. 1, and 1845, ch. 88. A judgment rendered as this was, at the preceding January term, would have been premature. If he had been summoned and had not appeared, the third rule of court, passed in accordance with the Act of 1856, ch. 112, sec. 12, ought to have directed the proceedings against him, and by it on the second day of the term, the clerk should have entered his appearance in proper person. By the 6th rule, also, if a copy of the declaration is not served on the defendant with the writ, the plaintiff may, after filing the declaration and the appearance of the defendant, enter a rule requiring the defendant to plead within fifteen days after service of notice thereof. Neither Hale, nor the appellants who might have notified him, or who might themselves have protected his interest, had any opportunity of doing so, or any such notice as this rule requires. But a judgment by default, for want of appearance, was entered on the return day of the writ, no one being allowed a chance of preventing injustice being done. If he had appeared, he would have been entitled under the most rigid rule, by the very notice annexed to the declaration, to fifteen days to plead thereto. The utmost that can be contended is, that the plaintiffs might have proceeded as if he had appeared. Act of 1856, ch. 112, sec. 11. Neither the rules nor any Act of Assembly provide for the rendering of a judgment against a party who has not been summoned and does not voluntarily appear, for the obvious reason, that the court can have no jurisdiction to render judgment against him in such case.

For all these reasons, it is insisted that, the judgment against Hale was *coram non judice* and void; that the contingency in which the appellants were to become liable on their

bond, never, therefore, arose; that it was the appellees' own fault that they permitted the goods to go from the hands of the sheriff, and the attachment to be dissolved, before an appearance was entered; and that the judgment rendered against the appellants ought, therefore, to be reversed.

*Jas. Malcolm*, for the appellees:

1st. The obligation of the bond is to satisfy any judgment that may be recovered against the defendant in the case, mentioned in it. A judgment has been rendered in that case. It is said no judgment could be rendered, because there had been no appearance of Hale. This view is negatived by the Act of 1854, ch. 153, sec. 4, which declares that no attachment shall be dissolved, unless every defendant appears to the action, and unless also a bond be given *by or on behalf* of the defendant or defendants, in a sum of money equal to the value of the property attached, with security approved by the court, or the judge, if in recess, to satisfy any judgment that shall be recovered in such case against the defendant or defendants. The attachment in this case was dissolved under this section, and every thing which the law made requisite to such a result must be considered as having taken place. It could not have been dissolved without an appearance, and the law will not tolerate that the indispensable condition of the privilege it allows should be evaded, while the privilege is enjoyed. The dissolution of the attachment presupposes the appearance, and is a fact only on the theory that the appearance has been entered. The evident purpose and construction of the Act are, that if the defendant wishes to withdraw his property from the grasp of the law he shall do so by coming into court with a bond executed either by him or on his behalf; but, in either event, *his* bond, because in the one case made by him directly and in the other indirectly. His appearance is necessary for the very purpose of filing the bond. By filing it, he undertook to appear, and the law will regard him as having appeared. If otherwise—if he was not to appear at once, but might appear at any time, or not at all, in his discretion—it is inconceivable that the bond should not

have provided that an appearance should be entered, and so the sureties bound for such an appearance; but, on the contrary, the bond, given at the same time that the appearance is made, for the purpose of giving it, recognizes, in its conditions, the suit as a pending suit, in which judgment may be given, not one in which an appearance may or may not be entered to suit the views of the defendant.

2nd. The appellants cannot take advantage, in a suit on their bond, of any defect or informality in the judgment in this original suit, nor can it be inquired into collaterally in this case.   3 *Gill*, 190, *Turner vs. Maddox*.   9 *Gill*, 241, *Powles, et al., vs. Dilley, et al.*

BARTOL, J., delivered the opinion of this court:

The decision of this appeal depends upon the validity of the judgment rendered by the court of Common Pleas, at the suit of the appellees against J. M. Hale.   The proceedings in that suit are set out in the record before us, and it appears, from those proceedings, that on the 2nd of October 1857, an attachment on warrant was issued at the suit of the appellees against Hale as a non-resident; the attachment was accompanied with the ordinary summons to him—both returnable the second Monday of January following.   At the return day, the sheriff made return to the attachment "that he had taken property of the defendant as per schedule." "Attachment dissolved by bond," and the writ or summons against the defendant he returned *"non est."*   The bond sued on in this case was given by the appellants on the 5th of October 1857, for the purpose of dissolving the attachment, accepted by the counsel for the appellees, and approved by the court.   It is in the ordinary form—the condition being "that if the said J. M. Hale, or any one in his behalf, do and shall pay to said plaintiffs, or to their legal representatives, the value of such goods and chattels as have been levied on under said attachment, if the said plaintiffs in such attachment shall recover against the defendant, an amount equal to the value of such goods and chattels or credits; or shall pay to said plaintiffs the amount so recovered, if the

same shall be less than the value of the goods and chattels and credits so attached; then the bond to be void, otherwise to remain in full force, &c.''

On the 10th of October 1857, the appellees filed a declaration against the original defendant, Hale, containing a notice that, ''on his appearance to the action, a rule would be entered requiring him to plead thereto within fifteen days thereafter,'' with directions to the clerk to ''set up copy,'' which was done. On the return day of the writs a judgment by default was entered against Hale, for not appearing, and at the same term, (on the 25th of March,) under an inquisition, damages were assessed against him, on which judgment was rendered for the amount so assessed. If the judgment so rendered was a valid and legal judgment which the court of Common Pleas had jurisdiction and power to render, then the liability of the appellants upon their bond is clear, and they have no ground for this appeal; but if that judgment was *coram non judice* and void, then these appellants are not responsible on their bond. The basis of this action is the judgment recovered against Hale, and if there be no legal valid judgment against him, the appeal in this case must be sustained.

The ground has been taken by the appellees, in this court, that in an action upon their bond the appellants cannot take advantage of any defect or informality in the judgment rendered against Hale, nor can it be inquired into collaterally in this case.

''It is a well settled principle,'' that ''the judgment of a court of competent jurisdiction, when coming incidentally in question, * * * * is conclusive upon the question decided, and cannot be impeached, on the ground of informality in the proceedings, or error or mistake of the court in the matter on which they have adjudicated.'' *Raborg vs. Hammond*, 2 *H. & G.*, 50. 6 *H. & J.*, 182. 1 *H. & G.*, 492. 9 *Gill*, 241.

It is also equally well settled that a judgment manifestly rendered without jurisdiction, will be void; whether the tribunal which pronounces it be an inferior court of limited and

special jurisdiction, or a superior court of record proceeding according to the course of the common law. The distinction being that, with regard to the former, the jurisdiction cannot be presumed, but must be shown affirmatively on the face of the proceedings; while, with reference to the latter, when called collaterally in question, every intendment and presumption is made in their support, and the judgment is conclusive, unless it manifestly appear upon the record that the court acted without jurisdiction. But if the record shows that the court has proceeded to render judgment *in personam,* without having jurisdiction over the cause and over the parties, such judgment is void, and cannot be enforced. Numerous authorities might be cited in support of this principle; some of them have been cited by the appellants under the third point in their brief.

We refer, also, to the note of the American editors of *Smith's Leading Cases*, *5th Edition, vol.* 1, 816 to 848, where the decisions on this subject will be found collected and examined with great ability.

The principle we have stated has been recognized by the Court of Appeals of Maryland in the case of *The Bank of the United States vs. The Merchants Bank of Balto.,* 7 *Gill*, 429. Judge Martin, delivering the opinion of the court, uses the following language: "It is certainly true that unless the court, rendering the judgment, had jurisdiction, both of the cause and of the parties, it would be treated as a nullity. It would be considered as merely void, and the party against whom it was used, could by an appropriate plea, assail it, and put it aside as utterly ineffectual and powerless. The right to attack a judgment on the ground that the tribunal pronouncing it was not invested with jurisdiction and authority, that it was inoperative and void, as being *coram non judice*, is undoubted, with respect both to domestic and foreign judgments."

In the case before us, the judgment against Hale, was a judgment by default; this appears upon the record, which also discloses the fact that the defendant never was sum-

23 v. 16

moned, or otherwise notified of the proceedings against him, he being a resident of the State of Maine, and not within the jurisdiction or process of the court. Under these circumstances the judgment could have no binding force or efficacy against him; it was *coram non judice* and void. *Kilburn vs. Woodworth, 5 Johns.* 37. *Harris vs. Hardeman,* 14 *Howard,* 334. There is nothing in the proceedings to show, or to authorize us to presume, any constructive notice to the defendant of the pendency of the proceedings against him.

The 4th section of the Act of 1854, ch. 153, provides that, "no attachment shall be dissolved, unless every defendant appears *to the action,* and unless also a bond be given, by or on behalf of the defendant, or defendants, in a sum of money equal to the value of the property attached, with security to be approved by the court, or the judge thereof in the recess, to satisfy any judgment that shall be rendered, in such case, against the defendant or defendants."

The bond sued on was given under that section, and it has been argued that because upon the giving of the bond, by the present appellants, the attachment was dissolved and the property released, we are at liberty to presume "that every thing was done, which the law made requisite for such a result." No presumption can be made, contrary to what is expressly shown by the record. From that it manifestly appears, that the defendant did not appear either in person or by attorney. It is very true that, under the Act of 1854, the plaintiffs in the attachment were entitled to insist, upon both a bond and an appearance, before they allowed the attachment to be dissolved or surrendered the property from the hands of the sheriff. But if, through inadvertance, they omitted to require a compliance with the requisites of the statute, it is not in our power to aid them. The giving of the bond by the appellants was, neither in fact nor in law, an appearance by Hale; he was not a party to the bond; nor does it authorize us to suppose that Hale had any knowledge or notice of the transaction, or any opportunity to appear and

defend the suit.   The proceeding against him *in personam* was conducted *ex-parte*, and the judgment rendered at the first term.

*Judgment reversed.*

(Decided June 15th, 1860.)