## BALTIMORE CITY COURT.

Filed June 27, 1908.

JOHN SCHONEWOLF & COMPANY

VS.

McMILLIN, GOODCHILD & COLLINS COMPANY.

*Leigh Bonsal* for plaintiff.

*Venable, Baetjer & Howard* for defendant.

SAMS, J.—

The attachment in this case was issued by a civil magistrate against a non-resident debtor for unliquidated damages arising out of an action ex contractu. The question to be decided is whether a magistrate has jurisdiction to issue such an attachment.

At common law magistrates were simply conservators of the peace, with no jurisdiction in civil cases. Such power in civil cases as a justice may now exercise is derived solely by statute, which statutes must be strictly adhered to, and being of special or limited jurisdiction, every fact essential to the exercise of such jurisdiction must appear.

Fahey vs. Mottu, 67 Md. 254.

Weikel vs. Kate, 58 Md. 110.

The power of magistrates to issue attachments for unliquidated damages if it exists, must be conferred by the following provisions of the Code, viz:

Article 52, Section 6. The civil jurisdiction of justices of the peace to * * * and to all cases of attachment against non-resident or absconding debtors where the sum claimed, does not exceed $100.

Article 52, Section 41. Any person making the affidavit and exhibiting the proofs and vouchers necessary to authorize an attachment to be issued from the Circuit Court against a non-resident or absconding debtor may have an attachment issued by a justice of the peace against such debtor if the cause of action does not exceed $100.

Article 9, Section 32. Any justice of the peace may issue an attachment against a non-resident or absconding debtor where the sum claimed shall not exceed $100, but no special pleading shall be required before a justice of the peace.

The sections cited were made a part of our law by the the Act of 1852, Chapter 239, and should be read as one statute. By this statute the power of magistrates to issue non-resident attachments, is made identical with that of the Circuit Court, (the powers of which, as to Baltimore City, are now vested in both the law and equity courts). That is, reading Section 41 of Article 52 into Section 6 of the same article, and with Section 32 of Article 9, justices of the peace are given authority to issue such attachments, provided the plaintiff makes the affidavit and exhibits the proofs and vouchers necessary to authorize a non-resident attachment to be issued from the Circuit Court. The power of the magistrate is identical with that of the courts, excepting, of course, the juris-

dictional limitation of the amount involved.

Or if we read Section 6 of Article 52 and Section 32 of Artcile 9 by themselves, there is in them no grant of power to magistrates broader than that given to courts of record by Section 1 of Article 9, which provides, that:

"Every person and every corporate that has the right to become a plaintiff in any action or proceeding before any judicial tribunal in this State, shall have the right to become a plaintiff in an attachment against a non-resident of this State, or against the person absconding."

So that prior to the Act of 1888, Chapter 507, the powers of magistrates were identical with those of courts of record as to the right to issue non-resident attachments, excepting the jurisdictional limitation on the amount involved.

But the Court of Appeals has held that prior to that act (1888) there was no authority in courts of record to issue such an attachment.

Stewart vs. Chappell, 98 Md. 531.

Poe Practice, Section 565.

There is, therefore, no authority in magistrates to issue such attachments unless granted by Act of 1888, Chapter 507, which will be found in Code, Article 9, Section 44. Attachments may also be issued against non-resident or absconding debtors in cases arising *ex contractu, where the damages are unliquidated*, and in actions for wrongs independent of contract; but in such cases no attachment shall issue until a declaration shall have been filed, setting out specially and in detail the breach of contract complained of, or the tort actually committed, verified by the affidavit of the plaintiff or someone on his behalf, and until a bond shall be filed, similar in all respects to the bond required to be given in cases of attachments on original process for fraud, as prescribed by Section 39 of this article.

In cases arising under this section, the practice and pleading shall in all other particulars conform to the practice and proceedings against non-resident and absconding debtors in actions *ex contractu* for liquidated damages.

By this act the power to issue non-resident attachments for unliquidated

548

damages is granted, contingent upon the compliance with certain requisites, viz:

(a) Filing a declaration, verified by affidavit.

(b) Filing bond.

In a proceeding before a justice of the peace the first of these provisions cannot be literally complied with, there being no special pleading before those officers.

Code Article 52, Sections 28 and 32.

Herzberg vs. Adams, 39 Md. 300.

Thomas Proc. in Justice Cases, Section 307.

Nor can the voucher filed be deemed a sufficient declaration, such voucher corresponding with the short note which is filed in courts of record in attachments for liquidated damages, the substitution of the more formal declaration for the short note, distinguishing the procedure for attachments for unliquidated from those issuing for liquidated claims.

By its express requirements, some of which cannot be complied with in proceedings before magistrates, the Act of 1888, Chapter 507, now codified as Article 9, Section 44, must be deemed to extend only to practice in courts of record, and not to that before justices of the peace.

Prior to the Act of 1888, Chapter 507, Code Article 9, Section 44, the authority to issue attachments against non-residents was the same before justices of the peace and in courts of record.

The Court of Appeals held in Stewart vs. Chappell, 98 Md. 531, that there was no authority in courts of record to issue such attachments, irrespective of Act of 1888, Chapter 507. There was therefore no authority in justices of the peace to issue such attachments.

By the Act of 1888, Chapter 507, Code, Article 9, Section 44, power to issue such attachments is given to courts of record, but its provisions do not authorize magistrates to issue such attachments, who remain, as before that act, without power to issue non-resident attachments for unliquidated damages, accordingly the motion to quash the attachment will be granted for want of jurisdiction.