(Decided 13th May, 1887.)


JAMES FAHEY *vs.* THEODORE MOTTU.

*Judgment of a Justice of the Peace—Compliance with Statutory requirements—Presumption—Validity of Judgment called in question Collaterally—Sale under Void judgment—Ratification of Sale.*

A judgment rendered by a Justice of the Peace is invalid, where it does not appear affirmatively on the face of the proceedings that the requirements of the statute giving such Justice of the Peace a limited and special jurisdiction, have been complied with. There can be no presumption of a compliance with such requirements.

Where a judgment is rendered by a Justice of the Peace, and it does not appear affirmatively that a summons has been issued and served upon the defendant, such defect in the proceedings renders the judgment invalid, and its invalidity may be relied on in an action of ejectment where the defendant in such action seeks to rest his title upon an alleged sale made under an execution issued upon such judgment.

Where under a judgment of a Justice of the Peace, void upon the face of the proceedings, an execution is issued and property is levied on and sold, and a report of the sale is made by the constable to the Superior Court of Baltimore City, and an order is passed by the Court ratifying the sale, such order of ratification does not make the judgment valid.

Fahey *vs.* Mottu.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, and BRYAN, J.

*James McColgan,* for the appellant.

The judgments are invalid and void on their face. The record shows no issue of a summons for the defendant or return of service of such summons in either case. And without such summons and service, the whole proceeding is necessarily *coram non judice* and void. *Declaration of Rights, Art.* 23 ; *Art.* 51, *secs.* 18 *and* 19, *of the Code; Koechlept vs. Hook's Lessee,* 10 *Md.,* 174 ; *Dorsey's Lessee vs. Dorsey,* 28 *Md.,* 389 ; *Clark and Jackson vs. Bryan & Lunt,* 16 *Md.,* 176 *and* 177.

. This being the act of a Court of inferior or limited juris-diction, no presumption as to the regularity or validity of its proceedings can be made ; and all the things which are necessary to give the Court jurisdiction must appear upon the face of the proceeding. *Shivers vs. Wilson,* 5 *H. & J.,* 132 *and* 133 ; *Owings vs. Worthington,* 10 *G. & J.,* 293; *Clark & Jackson vs. Bryan & Lunt,* 16 *Md.,* 176 *and* 177.

The levies and sale of the constable are fatally de-fective—being of two distinct properties or interests ; there was no sale of the property levied upon and no levy on the property sold. *Fenwick vs. Floyd,* 1 *H. & G.,* 172 ; *Waters vs. Duvall,* 11 *G & J.,* 45, &c. ; *Dorsey's Lessee vs. Dorsey,* 28 *Md.,* 389, &c.

The ratification of the sale by the Superior Court gave it no validity. *Code, Art.* 84, *sec.* 13, and cases above cited.

*William T. Roberts,* and *John H. Handy,* for the appellees.

YELLOTT, J., delivered the opinion of the Court.

This appeal is from a judgment in an action of eject-ment instituted in the Court of Common Pleas of Baltimore City by the appellant, against the appellee for the recovery of a lot of ground situate at the N. W. corner of Oregon and Clay streets in said city. As shown by the record this property was, by a deed dated July 11th, 1879, and duly recorded, conveyed by the appellant to one Michael Kelly. The same property was afterwards, by a,deed dated March 8th, 1886, conveyed by Kelly to the appellant; but anterior to this last mentioned convey-ance, two judgments had been rendered by a justice of the peace in suits brought by James H. Wilson against said Kelly; and on these judgments executions had been issued. Under these executions the property was sold on the 13th of February, 1884, to one Charles A. Price, who, having received a deed from the constable, conveyed said property, by deed dated the 13th day of April, 1885, to Theodore Mottu, the appellee.

If the judgments and subsequent proceedings there-under were valid, it would seem that the title of the defendant rests on a solid foundation. The questions to be determined therefore relate to the validity of these proceedings, including the judgments. rendered by the justice of the peace.

The parties, having elected to try the cause without the intervention of a jury, and having adduced all their evidence, the appellant asked the Court to rule: "That the papers offered in evidence in this case by the defendant, are insufficient to show title in him, because it does not appear from the proceedings in the case of *J. H. Wilson vs. Michael Kelly,* that the defendant Michael Kelly was summoned, or that any summons was issued against him in

Fahey *vs.* Mottu.

said cause, and because there is no such return by the justice to the Superior Court as required by law, and therefore the verdict must be for the plaintiff.

"Second. That the levy of the constable in said cause is insufficient to authorize the sale of the lot or parcel of ground described in this case, and therefore the verdict must be for the plaintiff."

Upon an examination of the record, we find nothing to show that a summons in either case had ever been issued against Michael Kelly. It does not appear that the said Kelly knew of any suits having been brought against him at the time when these judgments were rendered. The proceedings before the justice of the peace, who rendered the judgments, and all that was subsequently done, including the report of sale made by the constable, as well as the final ratification by the Superior Court, appear in the record. These proceedings show that the defendant failed to appear in either case and that on the days he failed to appear, judgments were rendered against him. But no summons seems ever to have been issued. The fact of the issuance of a summons in either case does not appear on the face of the proceedings. No Court can render a judgment against a party who has not been summoned; and it is an elementary principle that when the Court rendering the judgment, is one of limited or special jurisdiction, every fact essential to the exercise of its judicial functions must appear on the face of the proceedings when the regularity of those proceedings are brought under review. When the Court is one of general jurisdiction, its proceedings are presumed to have been in conformity with legal requirements until there is affirmative proof to the contrary. But with respect to Courts of limited jurisdiction, there must be affirmative proof in support of the regularity of the proceedings. It is said, that "no principle of law is more evident than that when the tribunal is of a limited jurisdiction, or the proceedings are particu-

larly described by a statute made on the subject, that course of procedure, so described, must, on the face of the record, appear to have been, if not literally, at least substantially complied with, or the case must by the proceedings disclose itself to be within the limited jurisdiction." *Shivers vs. Wilson,* 5 *H. & J.,* 132; *Owings vs. Worthington,* 10 *G. & J.,* 293.

Now the statute, giving a justice of the peace a limited and special jurisdiction in civil cases, requires him to issue a summons for the defendant, and if he is returned summoned, and shall fail to appear on the return day thereof, the justice shall fix a day of trial, not less than six nor more than fourteen days from the return day, and proceed to try the case *ex parte,* the defendant to have the right to appear at any time before judgment, and to make any defence he may have, as if he had appeared at the return day of the summons. *Revis. Code, Art.* 68, *sec.* 13.

None of these statutory requirements appear on the face of the proceedings to have been complied with. There can be no presumption that they were complied with. The fact of compliance must affirmatively appear, and in the absence of affirmative proof, there is nothing to support the limited jurisdiction of the tribunal which rendered these judgments. As was said by this Court in *Clark & Jackson vs. Bryan & Lunt,* 16 *Md.,* 176: "It is well settled that a judgment manifestly rendered without jurisdiction; will be void; whether the tribunal which pronounces it be an inferior Court of limited and special jurisdiction, or a Superior Court of record proceeding according to the course of the common law. The distinction being that, with regard to the former, the jurisdiction cannot be presumed, but must be shown affirmatively on the face of the proceedings; while, with reference to the latter, when called collaterally in question, every intendment and presumption is made in their support, and the judgment is conclusive, unless it manifestly appear upon the

record that the Court acted without jurisdiction. But if the record shows that the Court has proceeded to render judgment *in personam*, without having jurisdiction over the cause and over the parties, such judgment is void, and cannot be enforced."

But the counsel for the appellee relied in his argument upon the order of ratification in the Superior Court. The question thus presented has already been determined by this Court. It has been held that a Court of general jurisdiction in acting upon this subject exercises a special jurisdiction conferred by statute; and adopting the language of one of the cases, it must be said that "under this authority it was not competent for the Court to create a judgment where none existed, or to make a good and valid judgment out of one absolutely void upon its face." *Koechlept vs. Hook's Lessee,* 10 *Md.,* 179; *Dorsey's Lessee vs. Dorsey,* 28 *Md.,* 388.

As the judgments were *coram non judice,* the subsequent proceedings under them were null and void. It is therefore unnecessary to determine other questions relating to the regularity of those proceedings.

The legal proposition presented by the plaintiff in his prayer asking the Court to rule that the judgments were invalid, because it did not appear that any summons was issued for the defendant in those causes, was based upon established principles, and the Court erred in rejecting the prayer. Its judgment must therefore be reversed.

*Judgment reversed.*

(Decided 21st June, 1887.)

BRYAN, J., dissented.