## MURRAY KANE *vs.* THE STATE OF MARYLAND.

*Oyster laws—State Fishery force—Power to Arrest without Warrant—Proceedings before a Justice of the Peace—Jurisdiction—Act of 1878, ch. 359—Act of 1886, ch. 296, sec. 41, (Art. 72, sec. 37, of the Code of 1888,)—Act of 1884, ch. 510—Appeal.*

The owner of a sloop was licensed to dredge for oysters within certain limits in Maryland. The person in charge of the vessel was arrested without a warrant by officers of the State fishery force, upon the charge that he did not have the number of the license displayed on the vessel as required by section 7 of the Act of 1878, chapter 359. The accused being carried before a justice of the peace, waived a jury trial, and elected to be tried by the justice, and was found guilty, and sentenced to pay a fine and costs. The return of the justice to a writ of *certiorari* issued by the Circuit Court of the county contained a copy from his docket which failed to show by whom or under what authority the accused was arrested, or under what statute the justice proceeded. The writ of *certiorari* was quashed by the Circuit Court, and upon a writ of error it was HELD:

1st. That the defective record made by the justice in these particulars was aided and made certain by the statements and admissions of record contained in the petition of the plaintiff in error for the writ of *certiorari*.

2nd. That the question was not whether the proceeding before the justice was in all respects regular, and free from error, but whether he acquired jurisdiction of the person of the plaintiff in error, and of the subject-matter of the accusation, and acted within the limits of such jurisdiction.

3rd. That under section 41 of the Act of 1886, chapter 296, now section 37 of Article 72, of the Code, the State fishery force have the power to arrest on view without warrant.

4th. That nothing appearing to the contrary, it must be presumed the arrest was lawfully made.

5th. That it was not necessary that the justice should set forth, as the basis of his judgment, all the circumstances of the arrest of the party accused. or whether the arrest was made with or without warrant.

6th. That as it was apparent from the entries of the justice in his docket, that the party was before him on a charge of violating the law, and elected that the justice should exercise his jurisdiction, rather than be held for trial in the Circuit Court by jury on indictment, this was sufficient to show that jurisdiction was obtained by the justice.

7th. That the statute does not require in cases like the present, that a written charge be filed with the magistrate, as the foundation of his proceeding; and however desirable it may be, as a matter of good practice by magistrates, that such written charge should be filed in all cases of arrests without warrant, its omission can in no way affect the question of the jurisdiction of the magistrate.

Under the Act of 1884, ch. 510, giving magistrates concurrent jurisdiction with the Circuit Courts in certain enumerated cases, if the party accused waives his right to a trial by jury, afforded by the Act, and elects to be tried by the magistrate, he has no right to ask a review of the judgment against him, (except where there is a want or failure of jurisdiction) except in cases where the right of appeal is given by statute.

APPEAL as upon Writ of Error, from the Circuit Court for Talbot County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*Sewell T. Milbourne,* for the plaintiff in error.

*Wm. Pinkney Whyte, Attorney-General,* for the defendant in error.

ALVEY, C. J., delivered the opinion of the Court.

This case is here upon error assigned in the judgment of the Court below in quashing the writ of *certiorari* issued to a justice of the peace of Talbot County, requiring him to produce the record of conviction of the plaintiff in error, for the alleged violation of the. Act of 1878, ch. 359, one of the local oyster laws of the State.

It appears, from the petition of the plaintiff in error filed for the writ of *certiorari*, under oath, that the owner of a certain sloop, called the "George Washington Faunce," was licensed to take oysters with dredge, scoop, or scrape, in certain waters within Dorchester County, and in the waters of the Choptank river, between and within Dorchester and Talbot Counties, for the season of 1888–1889: That the plaintiff in error, being in charge of said boat, was, on the 15th of January, 1889, arrested, and the boat was seized, by officers of the State Fishery Force, upon the charge that the plaintiff in error did not have the number of the license displayed on the boat, as required by section 7 of the Act of 1878, ch. 359: That on the 16th of January, 1889, the plaintiff in error was carried before Edward J. Stevens, a justice of the peace of Talbot County, to be dealt with according to law—it being conceded that the arrest was made without the legal process of warrant for that purpose. It is further alleged in the petition, that on the 21st of January, 1889, the case was tried by the justice, upon the charge aforesaid, and that judgment was rendered, finding the plaintiff in error guilty, and thereupon a fine of $25 was imposed, with costs; and that the plaintiff in error was committed to jail until the fine and costs were paid. The petition alleges that many errors and irregularities were committed by the justice in his proceeding, and principally, that the justice failed to acquire juris-

diction in the matter, by reason of the fact, that the arrest had been made without warrant, and that no charge in writing was presented to the justice, setting forth and describing the offence, whereon to found his proceeding. The justice, in his return to the writ, sent up to the Circuit Court the following copy from his docket, as containing the entire record of the proceedings that took place before him, to wit:

"*State of Maryland vs. Murray Kane, Sl'p G. W. Faunce.* ⎱ January 16, 1889. Charge of having no numbers displayed: Waived a jury trial: Guilty, fine $25 and costs, and stands committed until fine and costs are paid: Parties committed to jail. No other papers in this case. Witness my hand and seal.

E. J. STEVENS, J. P. [SEAL.]
True copy—Test: E. J. STEVENS, J. P. [SEAL.]

Upon this return the Circuit Court quashed the writ of *certiorari*, holding that the justice had jurisdiction of both the person of the plaintiff in error and of the subject-matter of the accusation; and that ruling is assigned as error in the judgment of the Court below.

The record of the proceeding before the justice is certainly of a very meagre and inexplicit character. It neither shows by whom, or under what authority, the plaintiff in error was arrested and brought before the justice for trial; nor does it show under what statute the justice proceeded. But the defective record made by the justice in these particulars is aided and made certain by the statements and admissions of record contained in the petition of the plaintiff in error for the writ of *certiorari*. In that petition it is stated that the arrest of the plaintiff in error was made by the officers of the State Fishery Force, and that such

arrest was made for the alleged violation of the provision of the 7th section of the Act of 1878, ch. 359, requiring the number of the license to be painted on the boat, &c.; and that it was upon that charge that the plaintiff in error was tried and convicted by the justice. The question here is, not whether the proceeding before the justice was in all respects regular and free from error, but whether he acquired jurisdiction of the person of the plaintiff in error and of the subject-matter of the accusation, and acted within the limits of such jurisdiction; for if he rightfully acquired such jurisdiction, and acted within the limits thereof, the Court below was clearly right in quashing the writ of *certiorari*.

The State Fishery Force is a marine police, constituted by statute, for the purpose of enforcing the legal regulations prescribed, for and required to be observed in the taking of both shell and floating fish, within the tidal waters of this State, and particularly the oysters of those waters. The present Fishery Force was organized under the provisions of the Act of 1886, ch. 296, repealing and re-enacting former statutes upon the subject, with amendments, to "provide further police regulations for the protection of the oysters in the waters of this State;" and which latter statute is incorporated in the Code of 1888, as Article 72, tit. "Oysters." It is made the duty of this police force to execute all warrants directed to it, founded upon information, for the apprehension of parties offending against the regulations prescribed by the statutes upon the subject; and it is required to patrol the tidal waters of the State, for the purpose of detecting and arresting all violators of the law; and when offenders are detected in the act of violating the law, it is made the duty of this police force to arrest at once the party or parties offending, without the delay of procuring a warrant for the pur-

pose. By section 41 of the Act of 1886, ch. 296, now section 37 of Article 72 of the Code, it is declared that the said State Fishery Force shall have charge and control of the enforcement of *all laws of this State*, relating to fish, whether *general or local;* and that they *shall arrest and bring to trial all persons found violating any Acts of Assembly,* and cause them to be tried and punished, as provided by law. Indeed, without the power to arrest on view without warrant, it would, in the nature of things, be quite impossible to execute the law with any degree of efficiency. And it being settled that such is the power of police officers on land, we can perceive no sufficient reason for holding that the same rule should not apply in the execution of the duties of the police force on water. *Mitchell, et al. vs. Lemon,* 34 *Md.,* 176.

It is true it is not shown by any direct averment or admission that the party arrested was at the time in the act of violating the law; but it is admitted, by averment under oath, that he was at the time in charge of a licensed boat, and the alleged offence was that the boat was without the number of the license displayed, as required by law. Nothing appearing to the contrary, it must be presumed that the arrest was lawfully made. As a general rule, an officer is always presumed to have acted in conformity to his duty and the requirement of law, until that presumption is overcome by proof; the maxim being *omnia præsumuntur rite esse acta. Rex vs. Hawkins,* 10 *East,* 211, 216; *Hartwell vs. Root,* 19 *John.,* 345; *Bank of the U. S. vs. Dandridge,* 12 *Wheat.,* 64; *Houston vs. Perry and Williams,* 3 *Texas,* 390. The law will not presume the arrest to have been tortiously made, but to have been made according to law; seeing that the officers had competent authority to make arrest without having legal process for the purpose. *Burke vs. Negro Joe,* 6 *G. & J.,* 143. But

this maxim, *omnia præsumuntur rite esse acta*, does not apply to inferior Courts, and proceedings by magistrates, or others, acting *judicially* under special statutory powers, so as to *give jurisdiction*. In all such cases, every fact required by the statute to give jurisdiction must appear on the face of the proceedings, either by averment, or by reasonable intendment. *Boarman vs. Israel and Patterson, Ex'rs*, 1 *Gill*, 372, 381; *Swann, et al. vs. Mayor, &c., of Cumberland*, 8 *Gill*, 150. But if it appear that jurisdiction was obtained, both of the person and subject-matter, and that such jurisdiction has not been exceeded, the validity of the judgment rendered will not be affected by the fact that there may have been irregularities and want of form in the proceeding upon which the judgment is founded. *Williamson vs. Carnan*, 1 *G. & J.*, 196; *Taylor vs. Clemson*, 2 *Q. B.*, 978, and same case affirmed, 11 *Cl. & Fin.*, 610, 640-1; *Broom Leg. Max.*, (2d ed.) 444, 445, and cases there cited. Such irregularities or want of form in the proceedings can only be corrected on appeal, in cases where that mode of review is allowed. The writ of *certiorari* is issued upon the allegation of the want of jurisdiction in the magistrate, or that he has transcended his powers in taking the proceedings complained of; and the Court, upon the return of the writ, does not investigate the merits of the case, but only determines whether the magistrate has acted within the limits of the power or jurisdiction conferred upon him; and if it be determined that he has so acted, and in no way exceeded his jurisdiction, the writ of *certiorari* will be quashed, as was done in this case. *Williamson vs. Carnan, supra; Gaither .vs. Watkins, et al.*, 66 *Md.*, 576.

Here the jurisdiction of the magistrate sufficiently appears, though not as formally as could be desired. It is not necessary that the magistrate should set forth, as the basis of his judgment, all the circumstances of

Kane *vs.* State.

the arrest of the party accused, or whether the arrest was made with or without warrant. The party was before the magistrate on a charge of violating the law, and he elected that the magistrate should exercise his jurisdiction rather than be held for trial in the Circuit Court by jury on indictment. All this is made apparent by the entries of the magistrate in his docket; and this, we think, is sufficient to show that jurisdiction was obtained by the magistrate. *Taylor vs. Clemson*, 11 *Cl. & Fin.*, 640-642. It is objected that no written charge was filed with the magistrate, as the foundation of his proceeding. But no such requirement is made by the statute in cases like the present; and however desirable or proper it may be, as matter of good practice by magistrates, that such written charge should be filed in all cases of arrests without warrant, its omission can in no way affect the question of the jurisdiction of the magistrate. *Reg. vs. Millard*, 1 *Dears. Cr. Cas.*, 167. The charge is entered briefly by the magistrate in his docket, and it is upon this that he proceeds to trial and judgment.

The plaintiff in error, as already stated, was charged with the violation of the provision of the 7th section of the Act of 1878, ch. 359, in failing to exhibit on the boat in his charge as master the number of the license held ; but the proceedings before the magistrate were conducted in accordance with the provisions of the Act of 1884, ch. 510, applicable to Talbot and certain other counties. By this last mentioned Act, if the party accused elects to have his case tried by a jury, the jurisdiction of the magistrate thereupon ceases, and the party accused is simply required to enter into recognizance for his appearance in the Circuit Court, or to stand committed until indictment found. In this case, the party accused waived his right to trial by jury, and elected to be tried by the magistrate; and after such election and trial, (except where there is a want or

failure of jurisdiction,) the party can have no right to ask a review of the judgment against him, except in cases where the right of appeal is given by statute.

Being of opinion that the Court below committed no error in quashing the writ of *certiorari*, we shall affirm its judgment.

*Judgment affirmed.*

(Decided 3rd May, 1889.)