STATE OF MARYLAND, *ex rel.* BAYNARD WILSON, *v.* OLIN B. STAFFORD, JUSTICE OF THE PEACE.
[No. 79, October Term, 1930.]

*Decided January 22nd, 1931.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*G. L. Pendleton,* for the appellant.

*William L. Marbury, Jr., Assistant Attorney General,* with whom was *Stephen R. Collins, State's Attorney for Kent County,* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

On July 14th, 1930, Baynard Wilson filed in the Circuit Court for Kent County a petition for a writ of certiorari to be issued, directing that Olin B. Stafford, a justice of the peace of that county, produce his record of the criminal prosecution and judgment against the petitioner in June, 1930. The petition embodied the docket entries, which, omitting the titling, were as follows:

"Before Olin B. Stafford, Justice of the Peace, upon oath and aformation rec'd, J. Thomas Hadaway, who charges Baynard Wilson with on the 9th day of April, 1930, in the 3rd Election District of Kent County. d.

with assault and battery on Roy Silcox, contrary to law. Trial held June 4, 1930. Plead Guilty. Sentenced to Maryland House of Correction for Nine Months from this date, June 4th, 1930. As witness my hand and seal this June 4, 1930.

"Olin B. Stafford, J. P. (Seal)

"Commitme issued June 12, 1930. Appeal noted to October Court, 1930, by G. L. Pendleton, Att. Bail, $500.

"Olin B. Stafford, J. P.

"I hereby certify that the above is a true copy as taken from my Docket.

"Olin B. Stafford, J. P."

The petition is quite crudely and inartificially drawn, and the only allegation which need be stated is that the docket entries do not affirmatively disclose that the traverser was informed of his right to trial by jury and elected to be tried before the justice of the peace. Upon this verified petition, the court directed the writ to issue and set the matter for hearing on a named hour and day. There was neither return nor answer by the magistrate, and on the day set for the hearing the respondent made a motion short to amend the docket entries, which was followed by a motion on the part of the respondent to quash the writ; and then the petitioner moved short to quash the proceedings before the justice of the peace. A hearing was had and the court overruled the two motions, which were not in writing and present no question for review; and granted the respondent's motion in writing to quash the writ of certiorari. It was from the order quashing the writ that this appeal was taken.

When the prisoner was brought before the justice of the peace charged with an assault and battery, the justice had no jurisdiction to hear, try, and determine the case unless "the accused, when brought before any such justice, on being informed by him of his right to trial by jury, freely elects to be tried before such justice." *Baum v. Warden of Jail,* 110 Md. 579, 583-586, 73 A. 294; *Danner v. State,* 89 Md. 220, 228, 42 A. 965. Code, art. 52, sec. 12. The jurisdictional

388

fact that the traverser was informed of his right to a trial by jury and his free election to be tried before the justice must affirmatively appear in the record of the proceedings. *Fitzwater v. Youghiogheny, etc. Corp.,* 149 Md. 461, 470, 131 A. 776; *Smith v. Goldsborough,* 80 Md. 49, 59, 30 A. 574; *Cumberland Valley R. Co. v. Martin,* 100 Md. 165, 166, 59 A. 714; *et infra.*

The rule is thus stated for the court by Judge Offutt in *Kartman v. Miliman,* 144 Md. 502, 505-506, 125 A. 170, 171: "In the case of inferior courts sitting in the exercise of a special and limited jurisdiction, such as that exercised by magistrates under the laws of this state, it is well settled that 'there must be affirmative proof in support of the regularity of the proceedings. It is said that "no principle of law is more evident than that, when the tribunal is of a limited jurisdiction, or the proceedings are particularly described by a statute made on the subject, that course of procedure, so described, must, on the face of the record, appear to have been, if not literally, at least substantially, complied with, or the case must by the proceedings disclose itself to be within the limited jurisdiction." *Shivers v. Wilson,* 5 Har. & J. 132; *Owings v. Worthington,* 10 G. & J. 293'; *Fahey v. Mottu,* 67 Md. 250, 10 A. 68." *Dorsey v. Dorsey,* 28 Md. 388, 394; *Wickes' Lessee v. Caulk,* 5 H. & J. 36, 42; *Boarman v. Patterson,* 1 Gill 372, 381.

The petition alleges that the justice of the peace had no jurisdiction, because he had failed to proceed in accordance with the provisions of the statute, and the entries of the proceedings before the justice of the peace, which are incorporated in full in the petition, show a failure on the part of the magistrate to inform the accused of his right to trial by jury and an election to be tried before the justice of the peace. At the hearing no amendment was made of these entries, nor any testimony offered, so the record wholly fails to disclose that the prisoner was informed of this right and thereafter made his election to be tried by the magistrate. The absence of a compliance with this indispensable prerequisite to the jurisdiction of the justice of the peace to pro-

ceed was, therefore, manifest by the record, and, the want of jurisdiction so appearing on the face of the proceedings, whatever was thereafter done was *coram non judice* and void, whether it was a plea of guilty, and judgment, or a trial followed by a verdict and judgment. *Baum v. Warden of Jail,* 110 Md. 579, 583-586, 73 A. 294; *Danner v. State,* 89 Md. 220, 228, 229, 42 A. 965; *Green v. State,* 113 Md. 451, 455-458, 77 A. 677; *Kane v. State,* 70 Md. 546-553, 17 A. 557; *State v. Ward,* 95 Md. 118, 123, 51 A. 848; *Fahey v. Mottu,* 67 Md. 250, 255, 10 A. 68.

A writ of certiorari is available to test the jurisdiction of the inferior tribunal, and so, when the court had directed the writ to issue in the cause and proceeded to a hearing on the motion of the respondent to quash the writ, the proceedings then at bar did not disclose the facts which were essential to the jurisdiction of the justice of the peace, an inferior tribunal, and the trial court should not have granted the motion quashing the writ. *Weed v. Lewis,* 80 Md. 126, 129, 30 A. 610; *Riggs v. Green,* 118 Md. 218, 225, 84 A. 343; *Kane v. State,* 70 Md. 546, 552, 17 A. 557. If, upon answer or other procedure, it should subsequently be found that the allegations of the petition are untrue and the docket entries of the magistrate incomplete, and that, as a matter of fact, the accused was duly advised of his right to trial by jury, and freely elected to proceed before the justice of the peace, a different situation would be presented for the circuit court's appropriate action. *Kane v. State,* 70 Md. 546, 549, 552-553, 17 A. 557; *Green v. State,* 113 Md. 451, 458, 77 A. 677; *Mottu v. Fahey,* 78 Md. 389, 391, 392, 28 A. 387.

The defendant relies upon the argument that, because the docket entries may be inaccurate and the petition does not in direct form allege that the accused was not actually informed of his right to jury trial, and that he did not elect to be tried by the magistrate, and because, also, the statute permits the docket entries to be corrected by amendment on appeal, a writ of certiorari does not lie, but the only remedy available to the petitioner is an appeal to the circuit court from a judgment entered upon a plea of guilty. This argu-

ment must fail because it rests upon an assumption of the performance of certain official acts by the magistrate and an election made by the accused, which this court has held must affirmatively appear from the face of the proceedings. *Supra.* Again, if the facts were in accord with the gratuitous hypotheses involved in the argument, no appeal would be entertained, since there can be none from a judgment entered by a court of competent jurisdiction upon a voluntary plea of guilty by one apprised of his rights and the nature of his act. *State v. Darling,* 130 Md. 251, 254, 100 A. 91; *Lowe v. State,* 111 Md. 1, 73 A. 637.

The defendant cites *Crichton v. State,* 115 Md. 423, 81 A. 36, in support of his argument, and quotes at length from the decision. In that case a writ of certiorari was sought before the trial of the accused, who had been arrested upon warrants charging him with various violations of the motor vehicle laws. Among the objections advanced in support of the theory that the justice of the peace, who had issued the writs, had no jurisdiction, was that it did not affirmatively appear upon the face of the proceedings that he was "the nearest justice of the peace" to the point where the accused had been taken in custody . Code, art. 56, sec. 204. In denying this point, the court, in a careful opinion by Judge Boyd, analyzed the statute, and, for reasons there assigned and which need not be here repeated, held in effect that the provision quoted was, by a reasonable construction of the statute, not mandatory, but that, by reason of its directory nature, the provision was in the nature of a right of removal by the accused, and so open to him at trial if the magistrate before whom he was taken was not in fact the nearest. Pages 430-432 of 115 Md., 81 A. 36. The decision, moreover, dealt with the form of warrants, and not with any basic indispensable fact, without which there was no jurisdiction. Pages 432, 433 of 115 Md. 81 A. 36. The contention of the defendant would give an effect to the decision which was not intended, as is evident from *Hendrick v. State,* 115 Md. 552, 557-560, 81 A. 18, 20, which was decided on the same day by the same judges, with the addition of Burke, J., and

which, also, was written by Judge Boyd. After remarking that, under our system it would be of little, if any use, for the Court of Appeals to have the power to issue writs in matters of original jurisdiction, Judge Boyd wrote for the court: "As we have already said, the question of jurisdiction of the circuit court and of the justices of the peace or other inferior tribunal can be tested by appeal from or writ of error to the circuit court, and, in addition to that, where the writ of certiorari is sued out of the circuit court to test the power and jurisdiction of the inferior tribunal to act at all in the matter, the circuit court acts in its ordinary common law capacity, and an appeal will lie to this court from its judgment (*B. & H. Turnpike Co. v. N. C. R. R. Co.,* 15 Md. 193); and that, too, notwithstanding an appeal is given by the statute from the justice of the peace or other inferior tribunal to the circuit court (*Rayner v. State,* 52 Md. 368; 2 *Poe on Pl. & Pr.,* sec. 723A)." See also *Riggs v. Green,* 118 Md. 218, 228, 84 A. 343; *Brune on Motor Vehicle Law,* sec. 110, pp. 173, 174; *Baum v. Warden of Jail,* 110 Md. 579, 73 A. 294; *Gaither v Watkins,* 66 Md. 576, 581, 8 A. 464.

The writ here having been sought to have decided the question of the power and jurisdiction of the magistrate to act, it follows from the views expressed that the writ should not have been quashed, and that the cause must be remanded for further proceedings.

> *Order of July 19th, 1930, reversed, and cause remanded for further proceedings in conformity with this opinion, with costs of this appeal to the appellant.*