J. LEROY WRIGHT, Warden, *v.* STATE OF MARYLAND EX REL. ISER

[No. 1, October Term, 1947.]

*Decided November 13, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

220

*J. Edgar Harvey, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *John E. Raine, Jr., Assistant State's Attorney for Baltimore County,* and *John Grason Turnbull, State's Attorney,* on the brief, for the appellant.

*H. Richard Smalkin,* with whom was *Smalkin & Hessian* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellee, presently confined in the Maryland House of Correction, filed his petition with the Honorable J. Howard Murray, associate judge of the Third Judicial Circuit, sitting in the Circuit Court for Baltimore County, praying a writ of *habeas corpus* to test the legality of his imprisonment under what he termed a faulty and therefore illegal commitment. The grounds related in the application were that he was sentenced on three separate charges, that the commitment does not specify for which charge he is serving his sentence, nor does it state whether his sentences are concurrent or consecutive. One of these charges is alleged to be violation of parole, and the petitioner states that he was never paroled. It is further stated that petitioner was without due process because he was denied counsel, forbidden to call witnesses, and was refused the right to complete testimony on his behalf or to question the man appearing against him. It is further stated that petitioner's wife, who was sworn at the time of trial was refused the right to testify for him.

Judge Murray issued the writ upon these allegations. The record shows that the appellee was found guilty by the Magistrate for Juvenile Causes of Allegany County, of desertion and non-support of his wife and two minor children, and was committed to the House of Correction for six months. The petition appears from its composition to have been filed by the appellee without the benefit of counsel, but at the hearing below, appellee's present counsel represented him. It was agreed

at the hearing in open court that on June 20, 1945, appellee was charged with desertion. He was found guilty, sentenced to eighteen months and paroled for two years. On September 12th he was brought back for violation of parole, found guilty and sentenced to six months. He was again paroled for two years. On November 1, 1946 another warrant was issued for violation of parole. He was found guilty, but it is not clear from the record whether this was for violation of his parole or upon a new charge of desertion and non-support. On this last finding, he was given the sentence which he now claims is illegal.

Judge Murray did not pass upon any of the specific allegations made in the petition for the writ. None of them was proved, and, in fact, no testimony was taken. His decision was based upon what he found to be a faulty commitment. He released the petitioner and the State took an appeal, which the Judge himself suggested. Appellee gave bond as provided by the statute, and the sole question before us is the legality of the detention of the appellee under the commitment in the record.

The pertinent part of this commitment is as follows: "Whereas Lawrence Iser, hereinafter called the Traverser, after having been informed by me of his right to have a trial by a jury on a charge hereinafter mentioned * * * and having thereupon declared that he wished to waive his said right to a trial by a jury and abide by the determination of the said charge by me * * *."

The statute under which appellee was tried is section 89 of Article 27 of the Annotated Code as repealed and re-enacted by Chapters 556 and 719 of the Acts of 1945. The Magistrate for Juvenile Causes in Allegany County is given concurrent jurisdiction with the Circuit Court by that statute to try cases involving desertion of wife or child. Section 13 of Article 52 of the Code as repealed and re-enacted by Chapter 845 of the Acts of 1945 provides that in such cases the Trial Magistrate (which in this case, by reference includes the Magistrate for Juvenile Causes) shall have jurisdiction "provided,

however, that the accused, when brought before any such Trial Magistrate, or [on] being informed by him of his right to trial by jury, freely elects to be tried before such Trial Magistrate." It is contended (and was found by Judge Murray) that the commitment does not show a compliance with this statute, in that nowhere is it stated that the traverser "freely" elected to be tried before the Magistrate.

The appellant, in his brief, states that he was tried under Section 374AA of Article 1 of the Code of Public Local Laws as repealed and re-enacted by Chapter 976 of the Acts of 1945. This section states that any person charged with the violation of any of the three preceding sections shall have a right to trial by jury "and if a jury trial is not freely waived" the magistrate shall provide for the appearance of the accused before the Circuit Court for Allegany County. The three preceding sections do not, however, authorize the Magistrate for Juvenile Causes to try a person for desertion and non-support of his wife, as well as his minor children. Section 374A, which is one of these sections, gives jurisdiction over the offense of failure to support a minor child, but as the offense charged against the appellee included non-support of his wife, it seems clear that the charge was brought under the Section 89 of Article 27, above referred to.

There can be no doubt that in the case of one tried before a magistrate the jurisdictional fact must affirmatively appear in the record of the magistrate's proceedings that the traverser was informed of his right to a jury trial and freely elected to be tried by the magistrate. *State v. Stafford,* 160 Md. 385, 153 A. 77. However, the statement of the magistrate to that effect may be rebutted in appropriate proceedings where differing facts are shown, and it appears that the action of the traverser was not at the prompting of his unfettered will. *Danner v. State,* 89 Md. 220, 42 A. 965; *Baum v. Warden,* 110 Md. 579, 73 A. 294. No attempt was made in the case before us to show the facts, or to contend that the choice of the appellee made before

the magistrate was not his free and unfettered election. We have, therefore, only the record to consider, and the precise point before us is whether the magistrate's statement in the commitment is a sufficient compliance with the statute to give him jurisdiction.

There is no presumption in the case of an inferior tribunal that it has jurisdiction. Every fact required by the statute for that purpose "must appear on the face of the proceedings, either by averment or by reasonable intendment." *Kane v. State,* 70 Md. 546; 17 A. 557, 558. But the statement of the jurisdictional facts in the proceedings does not have to be in any specified form. Whether a traverser "freely" elects or not, is not as we have shown, determinable by the opinion or conclusion of the magistrate. It is in the first instance a legal conclusion from the statements in the commitment to be changed only if facts produced point to another result.

The Allegany County Magistrate did not give his opinion of the workings of the appellee's mind. He merely stated the facts. These were that the appellee, having been informed of his right to have a jury trial, declared that he wished to waive this right and to abide by the determination of the magistrate. The word "freely" is not used, and the form of the certification is different in other respects from the wording of the statute. But it shows unmistakably that the accused was informed of his right to a jury trial and waived this right and elected to be tried by the magistrate. When the magistrate certified that the accused declared that he wished to waive his right, this statement of itself, implied that it was done freely. The word "waive" means voluntary relinquishment. And the statement that the accused said he wished to abide by the determination of the magistrate imputes a free election to do so. Waiving the right to the one jurisdiction is a free election of the other. The only reasonable intendment is that the appellee acted of his own unfettered will. We have no right in the absence of anything to the contrary, to infer otherwise.

A substantial compliance with the statute is all that is required in indictments. *Wentz v. State,* 159 Md. 161,

150 A. 278. Real intent must prevail over literal intent. *State v. Boyd*, 2 Gill & J. 365; *State v. Petrushansky*, 183 Md. 67, 36 A. 2d 533. There would seem to be no good reason for a departure from this well settled rule in the case of the statute before us. The substance of the statute is in the magistrate's commitment, and we hold that it is sufficent to give jurisdiction.

In reaching this conclusion we desire to emphasize the fact that while the exact wording of the statute need not be used, it must affirmatively appear in every case by the magistrate's commitment that the accused was informed of his right to a jury trial, and that he freely decided not to exercise that right, but to be tried by the magistrate. Both of these elements, namely, the informing of the accused and his voluntary action, must affirmatively appear. We state this because at our request we have been furnished by the Attorney General with forms of docket entries used by a number of trial magistrates throughout the State. These show that a great variety of wording is used in the different jurisdictions, and some of this wording obviously does not indicate that the magistrate acquired jurisdiction. We have no information whether the commitments signed by these magistrates follow the forms on their dockets, or whether different forms are used which comply substantially with the statute. It would be advisable that one form, in compliance with the statute, be used by all magistrates, both on their dockets and on their commitments.

The order releasing the appellee will be reversed.

*Order reversed, with costs.*

MARKELL, J., filed the following opinion, concurring in the result:

In appellee's petition for writ of *habeas corpus* he alleged that he was illegally deprived of his liberty, in violation of his constitutional rights "and upon grounds of a faulty (therefore illegal) commitment." The grounds specified did not include any facts sufficient to show

that the commitment or the imprisonment was illegal— or any charge that the magistrate lacked jurisdiction or that appellee did not "freely elect to be tried before" the magistrate. Nor did he testify that he did not freely elect. The magistrate at least asserted jurisdiction by exercising it; appellee did not even deny jurisdiction. I think, therefore, that the petition was insufficient to require issuance of the writ, and the writ having been issued, the evidence at the hearing was insufficient to justify release of appellee. If he had testified, showing that he did not freely elect, I think the State would have had the burden of supplementing the magistrate's commitment and docket entries by testimony rebutting appellee's testimony and showing that he did freely elect. *State v. Stafford,* 160 Md. 385, 388, 389, 153 A. 77. The order releasing him therefore should be reversed. *Rountree v. Wright, Warden,* 189 Md. 292, 55 A. 2d 847.

I am, however, unable to understand how either judges or jailers (1) can regard a commitment as a recital of evidential "facts" and infer from them the ultimate jurisdictional fact which the commitment fails to state or (2) specifically, can regard a recital that appellee "declared that he wished to waive" as equivalent, by reasonable intendment, to the required statutory fact that he did "freely elect."

The statute in question, Art. 52, sec. 13, has been enacted and reenacted no less than nine times in the course of sixty-seven years. Acts of 1880, ch. 326; 1884, ch. 510; 1890, ch. 618; 1892, ch. 485; 1894, ch. 338; 1896, ch. 128; 1906, ch. 475; 1914, ch. 482; 1945, ch. 845. From 1880 to 1906 the statute gave jurisdiction (*a*) unless a jury trial was prayed, (*b*) provided the magistrate inform the accused of his right to a jury trial. From 1890 until 1906 the statute also referred to "waiver of jury trial." From 1914 to date the statute gives jurisdiction, provided the accused, (*a*) on being informed of his right of trial by jury (*b*) "freely elects" to be tried before the magistrate.

Few legal expressions have more different meanings, or applications, in different circumstances than the word

"waive", both in substantive law (*e. g.,* insurance) or in procedural law. In respect of fundamental rights the difference between "waive" and "intelligently waive" is the difference between due process and lack of it. *Hawk v. Olson,* 326 U. S. 271, 279, 66 S. Ct. 116, 90 L. Ed. 61; *Carter v. Illinois,* 329 U. S. 173, 177, 67 S. Ct. 216. In respect of the constitutional right of trial by jury for a criminal offense (*e. g.,* petty larceny, until recent change in the punishment), the difference between "waive" and "freely waive" is the difference between waiver and no waiver at all, and the necessary operation of this very statute has been held to make free waiver impossible and to make the statute unconstitutional. *Danner v. State,* 89 Md. 220, 229, 42 A. 965. On the other hand, there is no constitutional right of trial by jury in petty criminal cases. *State v. Glenn,* 54 Md. 572; *Crichton v. State,* 115 Md. 423, 81 A. 36. In such cases trial by jury may be given or withheld on such terms (including waiver by implication) as the legislature may deem fit. So in civil cases, in Baltimore by constitutional amendment (Art. 4, sec. 39) or in the federal courts by rule of court, Rule 38(d), Federal Rules of Civil Procedure, 28 U. S. C. A. following section 723c, mere oversight in failing to elect trial by jury may constitute a waiver.

The statute now involved expressly covered petty larceny from 1880 till 1906, after it had been held unconstitutional as to petty larceny. In 1906 the legislature eliminated reference to petty larceny and left the statute applicable, principally if not exclusively, to petty offenses as to which jury trial might have been denied altogether. Nevertheless the Act of 1906, instead of the less definite word "waive," expressly required that the accused "freely elect".

Even if this court may since have intimated that the prior statutes required in effect that the accused "freely elect", (*Green v. State,* 113 Md. 451, 456, 77 A. 677) I can not understand how judges or jailers can read such a construction into a magistrate's commitment, and thus read in the omitted statutory requirement which has been a jurisdictional requisite for forty years.